**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN CENTER FOR LAW AND JUSTICE,<br>201 Maryland Avenue, NE<br>Washington, DC  20002 )<br><br>                    Plaintiff, )<br><br>vs. )<br><br>U.S. DEPARTMENT OF<br>HOMELAND SECURITY,<br>Office of the Executive Secretary<br>MS 0525<br>2707 Martin Luther King Jr Ave SE<br>Washington, DC 20528-0525, )<br><br>                    Defendant. ) | Case Action No. 22-cv-1657<br><br>**COMPLAINT FOR DECLARATORY**<br>**AND INJUNCTIVE RELIEF** |

**COMPLAINT**

Plaintiff American Center for Law and Justice ("ACLJ"), by and through counsel, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging the failure of the Defendant United States Department of Homeland Security (DHS), to issue a determination as to Plaintiff's FOIA requests within the statutorily prescribed time period and seeking the disclosure and release of agency records improperly withheld by Defendant. In support thereof, Plaintiff alleges and states as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552(a)(6)(C)(i), and 28 U.S.C. § 1331, because this action arises under FOIA, and Plaintiff has exhausted its administrative remedies.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

3.      This Court has authority to award injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

4.      This Court has authority to award declaratory relief pursuant to 28 U.S.C. § 2201.

## PARTIES

5.      Plaintiff, with an office at 201 Maryland Avenue, N.E., Washington, DC 20002, is a not-for-profit 501(c)(3) organization dedicated to the defense of constitutional liberties secured by law. Plaintiff's mission is to educate, promulgate, conciliate, and where necessary, litigate, to ensure that those rights are protected under the law. Plaintiff also regularly monitors governmental activity with respect to governmental accountability. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its dedication to the rule of law and public interest mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

6.      Defendant DHS is an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) and is headquartered at 2707 Martin Luther King Jr Ave SE, Washington, DC 20528-0525. Defendant DHS is in control and possession of the records sought by Plaintiff.

## FACTUAL ALLEGATIONS

7.      On April 29, 2022, Plaintiff issued FOIA requests to Defendant DHS.  Pl.'s FOIA Request to DHS, Exhibit A,  incorporated by reference as if fully set forth herein.

8.     To summarize, the Plaintiff requested records regarding the establishment of the "Disinformation Governance Board" revealed by DHS Secretary Mayorkas at the congressional hearing on April 27, 2022 Pl.'s FOIA Request to DHS, Ex. A.

9.     "Pursuant to DHS FOIA regulation 6 C.F.R. §5.3(b), this Background addresses 'the date, title or name, author, recipient, and subject matter of the record[s]' requested, to the extent known.'" Pl.'s FOIA Requests, Ex. A, 1.

10.    On April 29, 2022, Plaintiff submitted its FOIA requests to Defendant DHS via Federal Express, and delivery confirmations from Federal Express show that the Defendant received Plaintiff's FOIA requests on May 2, 2022. *See* FedEx Delivery Confirmations attached as Exhibit B, and incorporated herein by reference.

11.    No correspondence or response has been received from Defendant DHS.

## CAUSE OF ACTION

## COUNT I
## Violation of the Freedom of Information Act

12.    Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully stated herein.

13.    The federal FOIA establishes a 20-day deadline by which a federal agency must make and issue a decision regarding compliance with a request for records made pursuant to the statute. 5 U.S.C. § 552(a)(6)(A)(i).

14.    Pursuant to 5 U.S.C. § 552(a)(6)(A), the Defendant was required to determine whether to comply with Plaintiff's request within twenty (20) days, excepting Saturdays, Sundays, and legal public holidays. Pursuant to this same provision, the Defendant was also required to notify Plaintiff immediately of the determination, the reasons therefor, and the right to appeal any adverse determination to the head of the agency.

15.     The Defendant's 20-day period commenced May 3, 2022, and expired on May 31, 2022.

16.     As of the date of this Complaint, the Defendant has failed to notify Plaintiff of any determination about whether it will comply with Plaintiff's FOIA request, including the scope of records the Defendant intends to produce, or the scope of records it intends to withhold, and the reasons for any such determination – all clearly required by the FOIA.

17.     As of the date of this Complaint, the Defendant has failed to produce any records responsive to the request and have not indicated when (or even whether) any responsive records will be produced, or demonstrate that responsive records are exempt from production – all as clearly required by the FOIA.

18.     The Defendant has not requested information from the Plaintiff that would toll the 20-day period as contemplated by 5 U.S.C. § 552(a)(6)(A)(i)(I).

19.     The FOIA permits a federal agency, in unusual circumstances, to extend the 20-day response deadline for a period not to exceed ten (10) additional working days. 5 U.S.C. § 552(a)(6)(B)(i), if it identifies "the date on which a determination is expected to be dispatched," and which shall not be "a date that would result in an extension for more than ten working days." *Id.*

20.     Defendant DHS has failed to invoke this provision, and, there are no "unusual circumstances" that justify Defendant's prolonged delay in responding as required by law to Plaintiff's lawful FOIA requests. In any event, Defendant did not comply with the clear statutory requirements to trigger the extension provided by 5 U.S.C. § 552(a)(6)(B).

21.     Plaintiff has a statutory right to have Defendant process Plaintiff's FOIA request in a timely manner and in accordance with the requirements set forth in 5 U.S.C. § 552(a)(6).

22.     The Defendant is unlawfully withholding records requested by the Plaintiff American Center for Law and Justice pursuant to the FOIA, 5 U.S.C. § 552.

23.     The FOIA provides a cause of action for a complainant from whom a federal agency has withheld requested records. 5 U.S.C. § 552(a)(4)(B).

24.     Through continued delay and outright failure to properly respond to Plaintiff's lawful request for records, and its improper withholding of such requested records, the Defendant has failed to comply with FOIA's prescribed deadlines for responding to a request for records and has violated Plaintiff's statutory rights.

25.     Pursuant to 5 U.S.C. § 552(a)(6)(C), because the Defendant  failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA request.

26.     Plaintiff is being irreparably harmed by reason of the Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless the Defendant is compelled to conform its conduct to the requirements of the law.

27.      The FOIA imposes no limits on courts' equitable powers in enforcing its terms, and this Court should exercise its equitable powers to compel the Defendant to comply with the clear  requirements of the FOIA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against the Defendant, and provide Plaintiff with the following relief:

(a)     An Order that the Defendant conduct a diligent, expedited search for any and all records responsive to Plaintiff's FOIA request and demonstrate that they employed reasonable search methods most technologically likely to lead to the discovery of records responsive to Plaintiff's FOIA request, selected from among those methods available to Defendant;

(b)    An Order that the Defendant produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

(c)    An Order enjoining the Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(d)    A declaration that the Defendant's actions violated Plaintiff's statutory rights under 5 U.S.C. § 552;

(e)    An Order awarding to Plaintiff its reasonable attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and,

(f)    An Order granting to Plaintiff all further relief to which Plaintiff may be entitled.

Dated: June 9, 2022.

Respectfully submitted,

THE AMERICAN CENTER FOR LAW AND JUSTICE

JAY ALAN SEKULOW
  (D.C. Bar No. 496335)
  *COUNSEL OF RECORD*
JORDAN SEKULOW
  (D.C. Bar No. 991680)
STUART J. ROTH
  (D.C. Bar No. 475937)
*Counsel for Plaintiff*

/s/ *Benjamin P. Sisney*
BENJAMIN P. SISNEY
  (D.C. Bar. No. 1044721)
201 Maryland Avenue, N.E.
Washington, D.C.  20002
Telephone: (202) 546-8890
Facsimile: (202) 546-9309
Email: bsisney@aclj.org
*Counsel for Plaintiff*