UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CENTER FOR LAW AND JUSTICE, *Plaintiff,* v. U. S. DEPARTMENT OF HOMELAND SECURITY, *Defendant.* | Civil Action No. 22-1657 (TSC) |

## <u>DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT</u>

Pursuant to Federal Rules of Civil Procedure 12(b)(6), Defendant, the United States Department of Homeland Security ("DHS") respectfully moves to dismiss this case. Because Plaintiff, the American Center for Law and Justice ("ACLJ"), fails to "reasonably describe" the records sought under the Freedom of Information Act ("FOIA"), this Court should dismiss Plaintiff's claims for failing to satisfy the threshold requirements of FOIA. 5 U.S.C. § 552.

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ....................................................................................................................- 1 -

BACKGROUND .....................................................................................................................- 1 -

LEGAL STANDARD...............................................................................................................- 3 -

ARGUMENT ..........................................................................................................................- 3 -

    I.  Plaintiff Has No Basis to Compel Production. ..........................................................- 4 -

    II.  Plaintiff's Request Does Not Reasonably Describe the Records Sought..................- 4 -

CONCLUSION.......................................................................................................................- 10 -

## <u>TABLE OF AUTHORITIES</u>

*Am. Ctr. for Law & Just. v. DHS*,
 573 F. Supp. 3d 78 (D.D.C. 2021) ................................................................ 6, 7, 8

*Am. Fed'n of Gov't Employees, Local 2782 v. U.S. Dep't of Commerce*,
 632 F. Supp 1272 (D.D.C. 1986), *aff'd*, 907 F.2d 209 (D.C. Cir.1990) .................. 5

*American Ctr. for Law and Justice v. Dep't of State*,
 249 F. Supp. 3d 275 (D.D.C. 2017) .................................................................. 4

*Armstrong v. Bush*,
 139 F.R.D. 547 (D.D.C. 1991) ........................................................................ 5

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ...................................................................................... 3

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007) ...................................................................................... 3

*Citizens for Responsibility & Ethic in Wash. v. FEC*
 711 F.3d 180 (D.C. Cir. 2013) ..................................................................... 4, 5

*Dale v. IRS,*
 238 F. Supp. 2d (D.D.C. 2002)..................................................................... 5, 6

*Evans v. Fed. Bur. of Prisons*,
 951 F.3d 578 (D.C. Cir. 2020) ....................................................................... 5

*Freedom Watch v. CIA*,
 895 F. Supp. 2d 221 (D.D.C. 2012) ................................................................ 6

*Freedom Watch, Inc., v. Dep't of State*
 925 F. Supp. 2d 55 (D.D.C. 2013) ............................................................... 6, 8

*Gun Owners of Am. v. FBI*,
 Civ. A. No. 21-1601 (JDB), 2022 WL 856388 (D.D.C. March 23, 2022) ...... 6, 7, 9

*Hunt v. Commodity Futures Trading Comm'n*,
 484 F. Supp. 47 (D.D.C. 1979) ....................................................................... 6

*Latham v. Dep't of Just.*,
 658 F. Supp. 2d 151 (D.D.C. 2009) ................................................................. 6

*Mason v. Callaway,*

    554 F.2d 129 (4th Cir. 1977) ................................................................................................. 6

*N.Y. Times Co. v. Def. Health Agency,*

    Civ. A. No. 21-0566 (BAH), 2021 WL 1614817 (D.D.C. Apr. 25, 2021) ............................. 4

*Nat'l Sec. Couns. v. CIA,*

    898 F. Supp. 2d 233 .......................................................................................................... 5

*Papasan v. Allain,*

    478 U.S. 265 (1986) .......................................................................................................... 3

## INTRODUCTION

Plaintiff brought this suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the Department of Homeland Security ("DHS") to comply with its April 29, 2022 FOIA request.  ECF No. 1 ("Compl").  In so doing, Plaintiff asks this Court to compel the agency to produce records due to DHS's unresponsiveness.  Production of records, however, is not the correct remedy for an unresponsive agency; rather, the lack of response from DHS allows Plaintiff to bring a complaint in federal district court.  Further, Plaintiff's request seeks information and communication regarding the Disinformation Governance Board ("Disinformation Board") unveiled by Secretary Mayorkas on April 27, 2022, Compl. ¶ 8, but Plaintiff's request is premised on vague, overly broad language that this Court has consistently found falls short of a reasonable description as required by FOIA.  Because of the inherent vagueness of the Plaintiff's language choices, this Court should dismiss the complaint.

## BACKGROUND

On April 27, 2022, Secretary Anthony Mayorkas revealed to Congress plans to establish a Disinformation Board to combat misinformation ahead of the 2022 midterm elections.  ECF No. 1-1, "Pl's FOIA Request."  Following this publicized intention, Plaintiff sent DHS a FOIA request on April 29, 2022, concerning records regarding the establishment of the Disinformation Board and for information leading up to and involved in the establishment of the Board.  Plaintiff's FOIA request has nine subparts:

1. Records of information within an email, memorandum, visual presentation, briefing, or talking points, within the custody of any DHS official - all of an appointee or GS-14 level or higher - *involved in* the establishment of the "Disinformation Governance Board" revealed by Secretary Mayorkas at the congressional hearing on April 27, 2022.

2. Records of any communication or information exchanged between any DHS official – all of an appointee or GS-14 level or higher - and any Member of the Senate or House of Representatives (or their personal or committee staff) *regarding* the "Disinformation

Governance Board" revealed by Secretary Mayorkas at the congressional hearing on April 27, 2022.

3. Records of any communication or information exchanged between any OHS official – all of an appointee or GS-14 level or higher - and any non-government person, entity or organization, *regarding* the "Disinformation Governance Board" revealed by Secretary Mayorkas at the congressional hearing on April 27, 2022.

4. Records of any communication or information exchanged between any DHS official and any White House (WHO) or Executive Office of the President (EOP) official - all of an appointee or GS-14 level or higher, *regarding* the "Disinformation Governance Board" revealed by Secretary Mayorkas at the congressional hearing on April 27, 2022.

5. Records of any communication or information exchanged between Secretary Mayorkas, or his immediate subordinates, assistants, liaisons, or designates, and the DHS Deputy Secretary, or the DHS Chief of Staff, - all of a GS-14 level or higher, or an appointee-level - *regarding* the "Disinformation Governance Board" revealed by Secretary Mayorkas at the congressional hearing on April 27, 2022.

6. Records in the custody of Secretary Mayorkas, the DHS Deputy Secretary, or the DHS Chief of Staff ~ or their immediate subordinates, assistants, liaisons, or designates - all of an appointee or GS-14 level or higher- *regarding* the "Disinformation Governance Board" revealed by Secretary Mayorkas at the congressional hearing on April 27, 2022, and containing the term "election," "candidate," "misinformation," "abortion," "reproductive freedom," "religion/' "Christian," '"patriot,"" conservative," "Twitter," "Mus/' "free speech," "speech," "Constitution," or "First Amendment."

7. All emails of Nina Jankowicz, Undersecretary for Policy Rob Silvers, and principal deputy general counsel Jennifer Gaskill, *regarding* the "Disinformation Governance Board" revealed by Secretary Mayorkas at the congressional hearing on April 27, 2022.

8. All final reports or memoranda *regarding* the "Disinformation Governance Board" revealed by Secretary Mayorkas at the congressional hearing on April 27, 2022, that are in the custody of Secretary Mayorkas, the OHS Deputy Secretary, or the DHS Chief of Staff, or their immediate subordinates, assistants, liaisons, or designates - all of an appointee or GS-14 level or higher.

9. All policies and procedure manuals, in particular those that define "disinformation," *regarding* the "Disinformation Governance Board" revealed by Secretary Mayorkas at the congressional hearing on April 27, 2022, that are in the custody of Secretary Mayorkas, the DI-IS Deputy Secretary, or the DHS Chief of Staff, or their immediate subordinates, assistants, liaisons, or designates - all of an appointee or GS-14 level or higher.

*Id.* at 3-4 (emphasis supplied).

DHS did not respond to Plaintiff's FOIA request. Compl. ¶ 17. On June 9, 2022, Plaintiff commenced a lawsuit against DHS, claiming that it is harmed due to DHS's withholding of the responses in contravention of FOIA's 21-day response deadline, *see* Compl. ¶ 26, and requests that the Court order DHS to comply with Plaintiff's FOIA request. Compl. at "Prayer for Relief."

## LEGAL STANDARD

Federal Rules of Civil Procedure Rule ("Rule") 12(b)(6) states that a court may dismiss a complaint where a plaintiff fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v, Twombly*, 550 U.S. 544, 555 (2007)). Pleadings in a motion to dismiss under Rule 12(b)(6) are to be construed broadly so all facts should be accepted as true, and inferences must be viewed in the light most favorable to the plaintiff. *See Iqbal,* 556 U.S. at 678. Courts are not required, however, to accept conclusory allegations and unwarranted factual deductions as true. *Id*. Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Likewise, a court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Therefore, the focus should be on the language in the complaint and whether the language sets sufficient factual allegations to support a plaintiff's claims for relief.

## ARGUMENT

The nine sub-parts of Plaintiff's request do not reasonably describe the records sought, and as such, the Court should dismiss Plaintiff's complaint in its entirety.

## I.    __Plaintiff Has No Basis to Compel Production.__

Plaintiff seeks to compel records from DHS on the basis that DHS has failed to respond to Plaintiff's FOIA request.  The only consequence of the Agency's failure to respond, however, is not compulsion of the records, but rather that the "agency cannot rely on administrative exhaustion requirement to keep [FOIA] cases from getting into court."  *Citizens for Responsibility & Ethic in Wash. v. FEC ("CREW")*, 711 F.3d 180, 189 (D.C. Cir. 2013).  *See also N.Y. Times Co. v. Def. Health Agency*, Civ. A. No. 21-0566 (BAH), 2021 WL 1614817, at *5 (D.D.C. Apr. 25, 2021) ("[A]ny alleged failure by the defendants to respond within the 20-day statutory deadline, under 5 U.S.C. § 552(a)(6)(A)(i), does not entitle the plaintiff to immediate processing and production".); *American Ctr. for Law and Justice v. Dep't of State*, 249 F. Supp. 3d 275, 283 (D.D.C. 2017) ("the sole penalty for mere procrastination is that the agency cannot rely on the administrative exhaustion  requirement to keep cases from getting into court").  Missing the deadline to respond to a FOIA request does not equate to an immediate compulsion of records.  *See id*.  At the outset, the Court should reject Plaintiff's argument that DHS's unresponsiveness to Plaintiff's FOIA request should result in the immediate production of records; rather, Plaintiff has merely satisfied the administrative exhaustion requirement, thus allowing its action to proceed in federal district court.

## II.    __Plaintiff's Request Does Not Reasonably Describe the Records Sought.__

As to the substance of Plaintiff's request, the Court should dismiss Plaintiff's complaint as violative of FOIA because Plaintiff fails to reasonably describe the records sought due to its heavy reliance on overly broad formulations.  FOIA requires federal agencies, upon request, to "make the records promptly available to any person" who "(i) reasonably describes" and makes the request "(ii) in accordance with published rules stating the time, place, fees (if any), and procedures

to be followed." 5 U.S.C. § 552(3)(A).   A plaintiff fails to state a FOIA claim when it fails to reasonably describe the records sought.   *See Evans v. Bureau of Prisons*, 951 F.3d 578, 583 (D.C. Cir. 2020) (quoting 5 U.S.C. § 552(a)(3)(A)) ("[u]nder FOIA, an agency is only obligated to release nonexempt records if it receives a request that 'reasonably describes such records'"); *CREW*, 711 F.3d 185.  FOIA regulations require the requestor to "describe the records in sufficient detail to enable Department personnel to locate them with a reasonable amount of effort.  To the extent possible, requestors should include specific information that may assist in a component in identify that requested records such as the date, title, or name, author, recipient, subject matter on the record, case number, file designation, or reference number."  28 C.F.R. § 16.3.  Record requests, however, should not be "so broad as to impose an unreasonable burden on the agency." *Am. Fed'n of Gov't Employees, Local 2782 v. U.S. Dep't of Commerce,* 632 F. Supp 1272, 1278 (D.D.C. 1986), *aff'd*, 907 F.2d 209 (D.C. Cir.1990).  "An agency's decision to withhold agency records is not improper if it has not "receive[d] a request that 'reasonably describes such records.'" *Evans v. Fed. Bur. of Prisons*, 951 F.3d 578, 583 (D.C. Cir. 2020).  In this district, "[t]he linchpin inquiry is whether 'the agency is able to determine precise what records are requested.'"  *See Dale v. IRS,* 238 F. Supp. 2d 99, 103 (D.D.C. 2002) (citing *Tax Analysts v. IRS*, F.3d 607, 610 (D.C. Cir. 1977)).  Further, records are reasonably described "if a professional employee of the agency familiarly with the subject matter can locate the records with a 'reasonable amount of effort.'" *Armstrong v. Bush*, 139 F.R.D. 547, 553 (D.D.C. 1991) (quoting *Am. Fed'n of Gov't Employees, Local* 907 F.2d at 203).  However, "whether a particular FOIA request 'reasonably describes' the records sought is a highly context-specific inquiry."  *Gun Owners of America, Inc. v. Bureau of Investigation*, Civ. A. No. 21-1601 (JDB), 2022 WL 856388, at *6 (D.D.C. March 23, 2022) (quoting *Nat'l Sec. Couns. v. CIA*, 898 F. Supp. 2d 233, 278 (D.C.C. 2012) *aff'd*, 969 F.3d 406

(D.C. Cir. 2020)).  In this regard, courts within this district have rejected FOIA terms that contain vague and ambiguous language, including "pertaining to" "related to" and "regarding," finding such terms overbroad.  *See Am. Ctr. for Law & Just. v. DHS*, 573 F. Supp. 3d 78 (D.D.C. 2021) (finding plaintiff's request for documents "referencing or regarding in any way" eight topics to be overbroad); *Freedom Watch, Inc.*, 925 F. Supp. 2d at 55 (finding a "relating to" request "overbroad"); *Freedom Watch v. CIA,* 895 F. Supp. 2d 221, 223, 229 (D.D.C. 2012) (finding that a request for records "that refer or related to the following [topics] in any way" was "vague" and extraordinarily broad"); *Latham v. Dep't of Just.,* 658 F. Supp. 2d 151, 161 (D.D.C. 2009) (a request for records "that pertain in any form or sort [to the plaintiff]" was "overly broad"); *Hunt v. Commodity Futures Trading Comm'n,* 484 F. Supp. 47, 51 (D.D.C. 1979) (plaintiffs who requested records "concern[ing]" them ought to have "specif[ied] more carefully the information they were seeking").  While "there is no categorical rule against requests 'related to' a topic, it will be the unusual (and unusually specific) request of that type that satisfies FOIA's reasonable description requirement."  *See Gun Owners of Am.*, 2022 WL 856388, at *9.   Likewise, courts have found "FOIA requests for all documents concerning a requester are too broad."  *See Dale* 238 F. Supp. 2d at 104 (citing *Mason v. Callaway,* 554 F.2d 129, 131 (4th Cir. 1977) ("all correspondence, documents, memoranda, tape recordings, notes, and any other material pertaining to the atrocities committed against plaintiffs, . . . including, but not limited to, the files of [various government offices] . . . typifies the lack of specificity that Congress sought to preclude in the requirement of 5 U.S.C. § 552(a)(3) that records sought be reasonably described")).

Each of Plaintiff's nine subparts includes the language "regarding" and "involved in," which numerous courts have found to violate FOIA.  *See Am. Ctr. for Law & Just.*, 573 F. Supp. 3d at 85.  For instance, Plaintiff requests in the first subpart all records "involved in" the

establishment of the Disinformation Board.  Plaintiff's FOIA request at 3.  Plaintiff, in its second

through fifth subparts asks for "records of any communication or information exchanged" between

a plethora of unnamed individuals "regarding" the Board, including non-government persons,

entities, or organizations and members of the House and Senate, and unspecified employees of

DHS.  Pl's FOIA Request, at 3.  Plaintiff's sixth subpart requests records "regarding" the Board

and then includes a laundry list of terms it seeks to apply, including "conservative" "religion" and

"speech."  *Id*.  Plaintiff's remaining seventh to ninth subparts conclude by requesting "all emails,"

"all final reports or memoranda," and "all policies and procedure manuals" that are "regarding"

the Disinformation Governance Board.  *Id*. at 3-4.

At base, each of the nine subparts contains an iteration of "regarding" the subject matter,

which, without more, makes each request impermissibly vague and broad.  *See Am. Ctr. for Law

& Just.*, 573 F. Supp. 3d at 85; *Gun Owners of Am.*, 2022 WL 856388, at *9 ("it will be the unusual

(and unusually specific) request of that type that satisfies FOIA's reasonableness requirement.").

This expansive phrasing ultimately encompasses communications "even remotely related" to the

Disinformation Governance Board.  *See Am. Ctr. for Law & Just.*, 573 F. Supp. 3d at 85.  Indeed,

it is quite possible that under the reading of Plaintiff's request, potentially responsive materials

might include records that do not discuss the Disinformation Governance Board but would be a

communication "regarding" the Disinformation Governance Board.  Such broad descriptions

"leave the unfortunate FOIA processor assigned to such a case in a hopeless muddle without clear

guidance about documents are being sought."  *Id*.  On this basis alone, the Court should dismiss

Plaintiff's complaint.

Setting aside the overly broad nature of the subparts because the request seek documents

"regarding" the Disinformation Governance Board, the subparts include other language with

broadens the request beyond the bounds of reasonableness.  *See Am. Ctr. for Law & Just.*, 573 F. Supp. 3d at 85.  The first four subparts request all seek "records of information" or "records of any communication or information" either within the custody of or exchanged between any "DHS official" "all of an appointee or GS-14 level or higher."  Plaintiff uses no parameters to qualify the types of "records" Plaintiff seeks, specific types of DHS officials, by job title or some other more specific information other than "GS-14 level or higher" from which it seeks information, or even a period of time within which Plaintiff seeks the information.  Plaintiff therefore asks DHS to investigate every email, text message, or phone call about the mere establishment of the Disinformation Governance Board, an inquiry that could not be performed by a DHS employee with a reasonable amount of effort.  *See* 28 C.F.R. § 16.3.  *See also Freedom Watch Inc.,* 925 F. Supp. 2d at 57 (denying a request for "all records" including internal communication, documents, and memoranda which "referred" or "related to each category.").  In essence, the Plaintiff here seeks a similar request – all records pertaining to the establishment of the Board.  Containing no parameters pointing to the agency to search certain locations or time periods, the first four subparts thus amount to all documents relating to the establishment of the Disinformation Governance Board, and on this basis, should be dismissed.

Plaintiff's remaining five subparts—the fifth through ninth request similarly use the vague term of "regarding the Disinformation Governance Board," though Plaintiff offers additional qualifiers.  Plaintiff's fifth and sixth subparts suggest that it seeks information either in the custody of Secretary Mayorkas or exchanged between Secretary Mayorkas and certain categories of employees such as his immediate subordinates.  However, Plaintiff continues to fail to suggest what types of records it seeks, and instead relies on its definition that "records" are "any information" that qualifies under 5 U.S.C. § 552(f) that includes but is not limited to "all

information created, stored, received, or delivered" that is located on either government or private sectors.  This essentially amounts to a request that DHS hunt for all information related to the establishment of the Board.   And, absent a time limitation, this broad request for any and all communication compounds the vagueness of the above "regarding" language.   Such expansive phrasing is ultimately unhelpful to the Agency because "limitations are far from superfluous— they are essential to give the FBI adequate guidance in locating responsive documents."  *Gun Owners of Am.*, 2022 WL 856388, at *4.  Finally, though Plaintiff attempts to reach clarity in its seventh through ninth subparts by specifying a custodian (Nina Jankowicz in the seventh subpart) and types of communications (final reports or memoranda in the eighth subpart and policies and procedure manuals in the ninth subpart), Plaintiff's use of "regarding the Disinformation Governance Board" provides little to no additional detail that would ultimately aid a reasonable DHS employee in its search for responsive records.

*      *      *

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's complaint.

Dated:  August 3, 2022                    Respectfully submitted,

                                          MATTHEW M. GRAVES
                                          D.C. Bar #481052
                                          United States Attorney

                                          BRIAN P. HUDAK
                                          Chief, Civil Division

                                          By:  */s/ Dedra S. Curteman*
                                          DEDRA S. CURTEMAN
                                          IL Bar #6279766
                                          Assistant United States Attorney
                                          601 D St., N.W.
                                          Washington, D.C. 20530
                                          Telephone: (202) 252-2550
                                          dedra.curteman@usdoj.gov

                                          *Counsel for Defendant*

- 10 -