# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CENTER FOR LAW AND JUSTICE, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case Action No. 22-cv-1657 (TSC) ) ) |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | ) ) ) ) |
| Defendant. | ) |

**PLAINTIFF AMERICAN CENTER FOR LAW AND JUSTICE'S RESPONSE IN OPPOSITION TO DEFENDANT DEPARTMENT OF HOMELAND SECURITY'S MOTION TO DISMISS [ECF NO. 10]**

JAY ALAN SEKULOW (D.C. Bar No. 496335)
  *COUNSEL OF RECORD*
STUART J. ROTH (D.C. Bar No. 475937)
JORDAN SEKULOW (D.C. Bar No. 991680)
BENJAMIN P. SISNEY (D.C. Bar. No. 1044721)
JOHN A. MONAGHAN (D.C. Bar. No. VA109)
AMERICAN CENTER FOR LAW AND JUSTICE
201 Maryland Avenue, NE
Washington, D.C.  20002
Telephone:     (202) 546-8890
Facsimile:     (202) 546-9309
Email: bsisney@aclj.org
           jmonaghan@aclj.org
*Counsel for Plaintiff*

1

## **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** .................................................................................................... 2

**STATEMENT OF FACTS** ....................................................................................................... 3

**STANDARD OF REVIEW** ...................................................................................................... 5

**ARGUMENT** ............................................................................................................................ 6

    **I.**    **The ACLJ Has a Basis Upon Which to Compel Production.** ................................... 6

    **II.**   **An Alleged Failure to Request a "Reasonably Described Record" is Not Grounds for Ignoring FOIA's Clear Statutory 20 Business Day Requirement.** ................... 8

    **III.**  **Plaintiff's FOIA Requests Are Limited by: (a) Time, (b) Subject Matter, and (c) Certain Officials, plus Other Limitations, Making Them Neither Unclear nor Overbroad.** ............................................................................................................ 12

**CONCLUSION** ....................................................................................................................... 16

# **TABLE OF AUTHORITIES**

## Cases

*Am. Ctr. for L. & Just. v. U.S. Dep't of Homeland Sec.*, 573 F. Supp. 3d 78 (D.D.C. 2021) ........ 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). ............................................................................................5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). ............................................................................5

*Citizens for Resp. & Ethics in Wash. v. FEC*, 711 F.3d 180 (2013). ..........................................7, 9, 11

*Citizens for Resp. & Ethics in Wash. v. Pruitt*, 319 F. Supp. 3d 252 (D.D.C. 2018). .........................5

*Covad Commc'ns. Co. v. Bell Atl. Corp.*, 398 F.3d 666 (D.C. Cir. 2005). ........................................5

*Gregorio v. Hoover*, 238 F. Supp. 3d 37 (D.D.C. 2017). ..................................................................5

*Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871 (1990). ........................................................................5

*Milner v. Dep't of the Navy*, 562 U.S. 562 (2011). ........................................................................ 6, 8

*Park 'n Fly v. Dollar Park & Fly*, 469 U.S. 189 (1985). ..................................................................6

*Truitt v. Dep't of State*, 897 F.2d 540 (1990). ...................................................................................9

*U.S. DOJ v. Reps. Comm. for Freedom of Press*, 489 U.S. 749 (1989). ........................................10

*Util. Air Regul. Grp. v. EPA*, 573 U.S. 302 (2014). .........................................................................9

## Statutes

5 U.S.C. § 552 ........................................................................................................................ 6, 7, 8, 9

## Other Authorities

Fed. R. Civ. P. 12(b)(6) ......................................................................................................................5

Fed. R. Civ. P. 8(a) ............................................................................................................................5

*FOIA Update: OIP Guidance: Determining the Scope of a FOIA Request*, Dep't of Justice (Jan. 1, 1995) ......................................................................................................................................... 10

*GS-14 Pay Scale – General Schedule 2022*, FederalPay ............................................................... 12

S. Rep. No. 93–854. ......................................................................................................................... 10

## STATEMENT OF FACTS

Plaintiff, American Center for Law and Justice ("ACLJ"), sent Defendant, the U.S. Department of Homeland Security (DHS), a request made pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), on April 29, 2022. Ex. A. Pl.'s Compl., ECF No. 1-1, at ¶ 10. This FOIA request was marked with the subject line, "FOIA Request to U.S. Department of Homeland Security (DHS) for Records Regarding Disinformation Governance Board." Ex. A. Pl.'s Compl., ECF No. 1-1. This request sought any records or information records regarding the establishment of the "Disinformation Governance Board" revealed by DHS Secretary Mayorkas at the congressional hearing on April 27, 2022. Ex. A. Pl.'s Compl., ECF No. 1-1, at ¶ 8. The ACLJ submitted the request via facsimile and received a confirmation sheet showing a May 02, 2022, delivery. Ex. B. Pl.'s Compl., ECF No. 1-1.

Defendant failed to make a determination on the ACLJ's FOIA request and notify the ACLJ thereof by May 31, 2022, Ex. A. Pl.'s Compl., ECF No. 1-1, at ¶ 15, in the required twenty business day period, and the ACLJ filed its Complaint on June 9, 2022. Ex. A. Pl.'s Compl., ECF No. 1-1, at ¶¶ 16-27. The ACLJ requested that the court order the DHS to conduct a diligent search for all requested documents, produce all non-exempt records pursuant to the ACLJ's FOIA request. Ex. A. Pl.'s Compl., ECF No. 1-1.

The DHS was served on June 13, 2022, and given thirty days to respond under Federal Rule of Civil Procedure 12(a)(1)(C). Summons, ECF No. 1-4. On July 25, 2022, the DHS filed a motion for enlargement of time to respond to the ACLJ's complaint, to which the ACLJ consented in good faith and which the court granted, giving the DHS until August 3, 2022, to respond. Def.'s Resp., ECF No. 9.

The DHS filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), on August 03, 2022, contending that it cannot be compelled to produce records; and, that the ACLJ failed to "reasonably describe" the records sought under FOIA. Def.'s Mot. Dismiss, ECF No. 10. The ACLJ responds as follows.

## STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, "the court must treat the complaint's factual allegations as true . . . and must grant the plaintiff the benefit of all inferences that can be derived from the facts alleged." *Citizens for Resp. & Ethics in Wash. v. Pruitt*, 319 F. Supp. 3d 252, 256 (D.D.C. 2018) (internal citation omitted). "The pleading rules are not meant to impose a great burden upon a plaintiff . . . and [the plaintiff] must thus be given every favorable inference that may be drawn from the allegations of fact." ) *Id.* (quotations omitted).

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint, which "must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Gregorio v. Hoover*, 238 F. Supp. 3d 37, 44-45 (D.D.C. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Furthermore, the court presumes that the general factual allegations in the complaint embrace those specific facts necessary to support the claim. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990). A plaintiff is "not required to plead facts sufficient to prove its allegations; rather, the complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Covad Commc'ns. Co. v. Bell Atl. Corp.*, 398 F.3d 666, 671 (D.C. Cir. 2005) (quoting Fed. R. Civ. P. 8(a)).

As demonstrated below, the ACLJ has pled more than enough facts for the Court to find it has stated a claim upon which relief can be granted. Accordingly, the Court should deny the DHS's Motion in its entirety.

## **ARGUMENT**

The ACLJ submits this Opposition to Defendant's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss, and moves the Court to deny the Motion because the Complaint properly stated grounds for relief: in that the FOIA request sought "reasonably described records" from the Defendant.

### I. The ACLJ Has a Basis Upon Which to Compel Production.

In its leading argument in its motion to dismiss the ACLJ's case from federal court, the DHS contends the remedy for an agency's failure to respond as required by the law is "allowing [the ACLJ] action to proceed in federal district court."  This puzzling argument fails when viewed against the well-established backdrop of the canon that "[s]tatutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." *Park 'n Fly v. Dollar Park & Fly*, 469 U.S. 189, 194 (1985). The statutory language of FOIA is clear: "FOIA thus mandates that an agency disclose records on request, unless they fall within one of nine exemptions. These exemptions are 'explicitly made exclusive,'" *Milner v. Dep't of the Navy*, 562 U.S. 562, 565 (2011) (citations omitted). Further, "[o]n complaint, the district court . . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld . . . . [to] determine the matter de novo . . . ."  5 U.S.C. § 552 (a)(4)(B) (LEXIS through Pub. L. No. 117-161, approved July 29, 2022). Enjoining a withholding is functionally equivalent to compelling production. The DHS's baffling argument begs the question: Why else would Congress

6

have expressly provided that a FOIA plaintiff may file a lawsuit if not to compel production of responsive records to which it is entitled pursuant to FOIA, subject to proper exemptions?

The ACLJ requested records on April 29, 2022, and the DHS received the ACLJ's request on May 2, 2022. Ex. A. Pl's. Compl., ECF No. 1-1. The DHS had a clear statutory duty to respond to the ACLJ's request with a "determination" of whether or not to produce records, among other things, by May 31, 2022. 5 U.S.C. § 552 (a)(6)(A)(i); Ex. A. Pl.'s Compl., ECF No. 1-1, at ¶ 15. *See also*, *Citizens for Resp. & Ethics in Wash. v. FEC*, 711 F.3d 180, 184 (2013). The DHS did not even answer the request. Ex. A. Pl.'s Compl., ECF No. 1-1, at ¶ 17. This non-response was neither a determination about responsive records nor a production of records.

The ACLJ seeks to enforce its statutory right granted by FOIA to a determination within the twenty business days. 5 U.S.C. § 552(a)(3)(A); *see also Citizens for Resp. & Ethics in Wash. v. FEC*, 711 F.3d 180, 186 (2013) ("The statute requires that, within the relevant time period, an agency must determine whether to comply with a request — that is, whether a requester will receive all the documents the requester seeks."). The ACLJ then also seeks to ensure subsequent production. *Citizens for Resp. & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (2013) ("As to actual production, FOIA requires that the agency make the records 'promptly available,' which depending on the circumstances typically would mean within days or a few weeks of a 'determination,' not months or years." 5 U.S.C. § 552(a)(3)(A), (a)6)(C)(i)).

This Court unquestionably possess the jurisdiction to order both the statutorily required determination and production of records. 5 U.S.C. § 552(a)(4)(B). The Complaint states a claim for the relief sought. The relief sought – compelling production or enjoining the withholding of records – is relief expressly provided by Congress. The DHS's displeasure with the statute is neither grounds for dismissal nor an excuse for delay. A FOIA request is grounds enough for a

determination and production. *Milner v. Dep't of the Navy*, 562 U.S. 562, 565 (2011). Thus, the DHS's argument that the ACLJ has no basis for production is meritless.

### II.     An Alleged Failure to Request a "Reasonably Described Record" is Not Grounds for Ignoring FOIA's Clear Statutory 20 Business Day Requirement.

A question presents itself: What is an agency to do when it receives correspondence clearly intended to be and marked as a FOIA request but it determines that the request fails "to reasonably describe the records sought?"[1]

#### A. The ACLJ's fax of April 29, 2022 was a FOIA request.

The ACLJ sent the DHS a fax on April 29, 2022. Ex. A. Pl.'s Compl., ECF No. 1-1, at ¶ 10. The fax was marked with the subject line, "FOIA Request to U.S. Department of Homeland Security (DHS) for Records Regarding Disinformation Governance Board." *Id*. p. 1.

The first paragraph of the fax also said:

> This letter is a request ("Request") in accordance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, and the corresponding department/agency implementing regulations. The Request is made by the American Center for Law and Justice ("ACLJ").

Ex. A. Pl.'s Compl., ECF No. 1-1. A description followed of the sought records regarding the establishment of the "Disinformation Governance Board" revealed by DHS Secretary Mayorkas at the congressional hearing on April 27, 2022. Pl.'s Compl., ECF No. 1-1, at ¶ 8.

There can be no doubt that the ACLJ's fax of April 22, 2022 is a FOIA request.

---

[1] In order to avoid the phrase "unreasonably described records," the term "unclear request" is used going forward.

### B. The agency's remedy for a requestor's failure to reasonably describe a record is provided in 5 U.S.C. § 552(a)(6)(A)(ii)(I).

An agency shall immediately notify the requestor of its determination and the reasons therefore and has 20 business days after receipt of a request to determine whether to comply with a request. 5 U.S.C. § 552(6)(A).[2]

"The 20-day period shall not be tolled by the agency except— (I) that the agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester under this section . . . ." 5 U.S.C. § 552 (a)(6)(A)(ii)(I) (hereafter the "Request Information Clause").

Here, if the DHS actually concluded that the ACLJ's FOIA request failed to "reasonably describe" the sought records (as opposed to just ignoring it and then coming up with an excuse after the fact), its remedy was to "request to the requester for information," *i.e.*, clarification as to what documents were sought. There is no statutory remedy for an agency in that scenario that allows a non-response.[3]

"An agency has no power to 'tailor' legislation to bureaucratic policy goals . . . they must always "'give effect to the unambiguously expressed intent of Congress.'" *Util. Air Regul. Grp. v. EPA*, 573 U.S. 302, 325-26 (2014) (citations omitted); *see also Citizens for Resp. & Ethics in Wash. v. FEC*, 711 F.3d 180, 187 (2013) (rejecting a proposed FEC interpretation of FOIA). In 1974, Congress changed the FOIA language from "request for identifiable records" to "request for records which . . . reasonably describes such records." *Truitt v. Dep't of State*, 897 F.2d 540, 544-

---

[2] 5 U.S.C. § 552 (a)(6)(B)(i) permits the Agency to extend the time to make a determination by 10 days. Defendant's non-response (ECF No. 1-1, at 4-5) makes this clause inapplicable.
[3] Congress' intent that the Request Information Clause was specifically meant to address unclear requests is clear when viewed in the context of the next statutory clause, 5 U.S.C. § 552(a)(6)(A)(ii)(II), which allows tolling in connection with fee assessment issues, *i.e.*, to "clarify . . . issues regarding fee assessment" such as the fee amount or a non-profit fee waiver. Tolling does not apply to an unclear request.

45 (1990). The purpose of the change was so that "the identification standard in the FOIA should not be used to obstruct public access to agency records." *Id.* (Citing to S. Rep. No. 93–854, at 10 (1974)). That is the opposite of what the DHS is asking this Court to allow by dismissing the Complaint.

To permit a non-response to an unclear request would use the "identification standard" to "obstruct public access to agency records," contrary to the will of Congress. It would frustrate the FOIA's "basic policy of 'full agency disclosure unless information is exempted under clearly delineated statutory language.'" *U.S. DOJ v. Reps. Comm. for Freedom of Press*, 489 U.S. 749, 773 (1989). To the contrary, applying the Request Information Clause to a FOIA request with an unclear description gives effect to the unambiguously expressed intent of Congress that the identification standard in FOIA not obstruct disclosure of agency records. It also furthers the congressional policy of disclosure.

The Department of Justice's guidance on requests is instructive:

> [T]here is the basic fact that in most situations the FOIA requester will be unfamiliar with the exact nature of the agency's recordkeeping system, its filing practices, and the manner in which its files and records are compiled. FOIA requesters often are entirely "in the dark" about the structure and arrangement of the files and records that an agency will be searching through in order to locate the particular records that are responsive to their FOIA requests. When they formulate their requests, therefore, FOIA requesters are generally using their best efforts to "reasonably describe" the particular records that they are seeking from an agency's files in light of this limited knowledge of what might actually be there.

*FOIA Update: OIP Guidance: Determining the Scope of a FOIA Request*, Dep't of Justice (Jan. 1, 1995), https://www.justice.gov/oip/blog/foia-update-oip-guidance-determining-scope-foia-request. Applying the Request Information Clause to an unclear request prevents an agency from taking advantage of a requestor "being in the dark" to hinder the policy of disclosure.

The DHS's argument and interpretation of the Request Information Clause judicial economy. There are many FOIA cases on the Court's docket. *Am. Ctr. for L. & Just. v. U.S. Dep't of Homeland Sec.*, 573 F. Supp. 3d 78 (D.D.C. 2021) ("Specifically, Judges in this district currently have 991 active FOIA cases, which represent almost a quarter of the district's entire civil docket. And many of those take years to resolve."). A significant number of these cases are presumably before the Court because the agencies did not properly respond within 20 days (either ignoring the requests altogether or providing a non-compliant response omitting the determination and the reason therefor). In the FOIA statutory scheme, a "determination and the reasons therefor" as to whether records will be produced as a result of the request is required within 20 days. *Citizens for Resp. & Ethics in Wash. v. FEC*, 711 F.3d 180, 188 (2013). Subsequent production must be prompt but that preliminary 20-day limit is inapplicable. *Id.* at 188. That 20-business-day deadline only applies to the initial response which must contain the determination and the reasons therefor. At the end of the day, in the instant case, the 20 days for a "determination" have long since passed but a "determination" still has yet to be made. Now, the Court must adjudicate a dispute which would have been unnecessary had the DHS just sent the ACLJ an email or picked up the phone. If delay was the DHS's goal, it has succeeded.[4]

As things now stand, the DHS and other agencies so inclined have an incentive to ignore a FOIA request they do not want to answer, seek to get it dismissed when sued, and then, if that fails, request more information or even then make the determination – the determination the statute requires at the outset.

The ACLJ's proposed interpretation of the Request Information Clause deters this. Having failed to exercise its ability to request more information, the agency would be unable to assert a

---

[4] The ACLJ imputes the purpose of delay to DHS and not opposing counsel who have been nothing but professional.

failure to reasonably describe records as a basis for dismissal. (The Court would merely order them to request the information from the requestor.) This would incentivize agency compliance with the statute and benefit judicial economy. The congressional policy of full disclosure would be served.

### III. Plaintiff's FOIA Requests Are Limited by: (a) Time, (b) Subject Matter, and (c) Certain Officials, plus Other Limitations, Making Them Neither Unclear nor Overbroad.

The ACLJ made a total of nine requests to the DHS. Every request is limited in four ways: (1) by time because no record prior to January 1 of this year is sought, (2) by subject matter because each record concerns the "Disinformation Governance Board" revealed by Secretary Mayorkas at the congressional hearing on April 27, 2022 – a discrete entity that would inherently only involve certain components, offices and officials, (3) by the custodian of the requested records, and (4) rank of the custodian of the proposed records. No record is sought from any person with a civil service rank of less than either GS-14 or an "appointee level" (excepting immediate assistants to Secretary Mayorkas). A GS-14 is defined as "reserved for top-level positions such as supervisors, high-level technical specialists, and top professionals holding advanced degrees." *GS-14 Pay Scale – General Schedule 2022*, FederalPay, https://www.federalpay.org/gs/2022/GS-14 (last visited Aug. 17, 2022). Further, Secretary Mayorkas, in his testimony revealing the existence of a "Disinformation Governance Board" did not testify as to who exactly was involved in establishing the Board, so Plaintiff is necessarily drafting this request "in the dark" as to who did what. Each request was further narrowed as described below:

### a. ACLJ's First Request

This request, already limited by time, subject matter, and custodian (underlined), is further narrowed (how is in italics), as outlined below:

| | |
|---|---|
| ACLJ's First Request | Records of information within an email, memorandum, visual presentation, briefing, or talking points, within the custody of any <u>DHS official of a GS-14 level or higher involved in the establishment of the "Disinformation Governance Board"</u> revealed by Secretary Mayorkas at the congressional hearing on April 27, 2022. *This Request is further limited as only "email, memorandum, visual presentation, briefing, or talking points," are sought. The DHS knows which of its GS-14 officials were involved in the establishment of the Disinformation Governance Board.* |

### b. **ACLJ's Second, Third, Fourth, and Fifth Requests**

All four requests, already limited by time, subject matter, and custodian (underlined), are further narrowed (how is in italics) by recipient (in bold), as outlined below:

| | |
|---|---|
| ACLJ's Second Request | Records of any communication or information exchanged between <u>any DHS official</u> and any **Member of the Senate or House of Representatives (or their personal or committee staff)** regarding the "Disinformation Governance Board" revealed by Secretary Mayorkas at the congressional hearing on April 27, 2022. *The DHS knows which of its GS-14 officials would likely be involved in communication with congressional personnel about the establishment of the Disinformation Governance Board.* |
| ACLJ's Third Request | Records of any communication or information exchanged between <u>any DHS official</u> and **any non-government person, entity or organization**, regarding the "Disinformation Governance Board" revealed by Secretary Mayorkas at the congressional hearing on April 27, 2022. *The DHS knows which of its GS-14 officials would likely be involved in communication with non-government persons about the establishment of the Disinformation Governance Board.* |
| ACLJ's Fourth Request | Records of any communication or information exchanged between <u>any DHS official</u> and **any White House or Executive Office of the President official**, regarding the "Disinformation Governance Board" revealed by Secretary Mayorkas at the congressional hearing on April 27, 2022. *The DHS knows which of its GS-14 officials would likely be involved in* |

13

|  |  |
|---|---|
|  | *communication with the White House about the establishment of the Disinformation Governance Board.* |
| ACLJ's Fifth Request | Records of any communication or information exchanged between **Secretary Mayorkas, or his immediate subordinates, assistants, liaisons, or designates, or the DHS Deputy Secretary, or the DHS Chief of Staff, – all of a GS-14 level or higher, or an appointee-level** – regarding the "Disinformation Governance Board" revealed by Secretary Mayorkas at the congressional hearing on April 27, 2022. |

### c. ACLJ's Sixth, Seventh, Eighth and Ninth Requests

All four requests, already limited by time, subject matter, and custodian (underlined), are further narrowed (how is in italics), as outlined below:

|  |  |
|---|---|
| ACLJ's Sixth Request | Records of any communication or information exchanged between <u>Secretary Mayorkas, or his immediate subordinates, assistants, liaisons, or designates, or any official within the office of the DHS Deputy Secretary or the DHS Chief of Staff, – all of a GS-14 level or higher, or an appointee-level – regarding the "Disinformation Governance Board"</u> revealed by Secretary Mayorkas at the congressional hearing on April 27, 2022, and containing the term **"election," "candidate," "misinformation," "abortion," "reproductive freedom," "religion," "Christian," "patriot," "conservative," "Twitter," "Musk," "free speech," "speech," "Constitution," or "First Amendment."** *These terms in bold provide a significant subject matter narrowing.* |
| ACLJ's Seventh Request | All emails of <u>Nina Jankowicz, Undersecretary for Policy Rob Silvers, and principal deputy general counsel Jennifer Gaskill,</u> regarding the "Disinformation Governance Board" revealed by Secretary Mayorkas at the congressional hearing on April 27, 2022. *This Request is further limited as only "emails" of the three particular people are sought.* |
| ACLJ's Eighth Request | All final reports or memoranda of the "Disinformation Governance Board" revealed by Secretary Mayorkas at |

|  |  |
|---|---|
|  | the congressional hearing on April 27, 2022 that are in the possession of <u>Secretary Mayorkas, or his immediate subordinates, assistants, liaisons, or designates, or the DHS Deputy Secretary, or the DHS Chief of Staff, – all of a GS-14 level or higher, or an appointee-level but no lower</u>. *This Request is further limited as only "final reports or memoranda" of which the Disinformation Governance Board is an author are sought.* |
| ACLJ's Ninth Request | All policies and procedure manuals, in particular those that define what "disinformation" is, of the "Disinformation Governance Board" revealed by Secretary Mayorkas at the congressional hearing on April 27, 2022 that are in the possession of <u>Secretary Mayorkas, or his immediate subordinates, assistants, liaisons, or designates, or the DHS Deputy Secretary, or the DHS Chief of Staff, – all of a GS-14 level or higher</u>, or an appointee-level, but no lower. *This Request is further limited as only "manuals" connected to the Disinformation Governance Board are sought.* |

The topic of the above requests, which is based on the testimony of Secretary Mayorkas, and already narrowed by time and custodian, are additionally narrowed in multiple ways, making the records requested above reasonably described. The DHS challenges the use of the terms "regarding," "concerning, or "pertaining to," as too vague. That cannot be categorically true; if it was, there is no way for a requestor to describe a subject matter.  The term "regarding" is the grammatical tool to introduce the descriptive phrase. It's absurd to contend that if the request uses the term "regarding," then it is too vague and its use justifies the agency's ignoring of the law.

## CONCLUSION

For these reasons, the Defendant Department of Homeland Security's Motion to Dismiss should be denied entirely.

Dated: August 17, 2022.                    Respectfully submitted,

                                                        /s/ John A. Monaghan
                                                   JAY ALAN SEKULOW (D.C. Bar No. 496335)
                                                      *COUNSEL OF RECORD*
                                                   STUART J. ROTH (D.C. Bar No. 475937)
                                                   JORDAN SEKULOW (D.C. Bar No. 991680)
                                                   BENJAMIN P. SISNEY (D.C. Bar. No. 1044721)
                                                   JOHN A. MONAGHAN (D.C. Bar. No. VA109)
                                                   AMERICAN CENTER FOR LAW AND JUSTICE
                                                   201 Maryland Avenue, NE
                                                   Washington, D.C. 20002
                                                   Telephone:     (202) 546-8890
                                                   Facsimile:      (202) 546-9309
                                                   Email:  bsisney@aclj.org
                                                                   jmonaghan@aclj.org
                                                   *Counsel for Plaintiff*