UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CENTER FOR LAW AND JUSTICE, <br><br> *Plaintiff,* <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, <br><br> *Defendant.* | Civil Action No. 22-1657 (TSC) |

**<u>REPLY IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS</u>**

Defendant, the U.S. Department of Homeland Security ("DHS" or "Agency"), established in Defendant's Motion to Dismiss ("Mot."), ECF No. 10, that a plaintiff must reasonably describe the records it seeks under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, prior to bringing a claim in federal court. Plaintiff has failed to do so, and as such, the Court should dismiss Plaintiff's complaint which seeks to require DHS to search for documents responsive to eight unbounded requests concerning the Agency's involvement in the creation of the Disinformation Governance Board.

In its opposition, Plaintiff suggests that DHS is obligated to immediately comply with Plaintiff's FOIA request since it did not respond within 20 days of Plaintiff's request. *See* ECF No. 12 ("Pl.'s Opp.") at 9. Not so. Under the FOIA statute, as previously noted in Defendant's motion, the only legal consequence for an agency's failure to respond is that it may not rely on the lack of administrative exhaustion to keep a FOIA case from proceeding in federal court. *See* Mot. at 4. Further, Plaintiff offers no justification for its suggestion that its eight requests reasonably describe the records sought. Indeed, Plaintiff offers no case law in support of its argument that its

eight requests are reasonably described. On these bases, the Court should grant Defendant's motion to dismiss.

## ARGUMENT

FOIA requires that a request "reasonably describe such records," 5 U.S.C. § 552(a)(3)(A), and the agency's obligation to produce records under FOIA "begins only upon receipt of a valid request." *Dale v. IRS*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002). Where, however, a plaintiff fails to reasonably describe the records sought, a plaintiff has failed to state a FOIA claim. *See Evans v. Bureau of Prisons*, 951 F.3d 578, 583 (D.C. Cir. 2020) (quoting 5 U.S.C. § 552(a)(3)(A)) ("[u]nder FOIA, an agency is only obligated to release nonexempt records if it receives a request that 'reasonably describes such records'"); *Citizens for Resp. & Ethics in Wash. ("CREW") v. FEC*, 711 F.3d 180, 185 n.3 (D.C. Cir. 2013) ("duties that FOIA imposes on agencies . . . apply only once an agency has received a proper FOIA request."). Plaintiff has offered nothing in opposition to support that its FOIA request was reasonably described.

I. **Agencies Are Not Required to Respond to FOIA Requests that Fail to Reasonably Describe the Records Sought.**

In its opposition, Plaintiff suggests that because DHS did not respond to Plaintiff's FOIA request within the 20 days allotted by statute, then the Court should require DHS to immediately produce the requested records. Pl.'s Opp. at 6-8. Plaintiff also posits that an alleged failure to reasonably describe records is not grounds for the agency's failure to provide records. *Id*. at 8-11. While Plaintiff spends the bulk of its argument suggesting that DHS has failed to adhere to the statute by not responding to Plaintiff's FOIA request, Plaintiff misunderstands the law. The only consequence of an agency's failure to issue a determination within the 20-day statutory period, standing alone, is that the agency cannot rely on the administrative exhaustion requirement in the FOIA statute to keep a case from getting into court. *See N.Y. Times Co. v. Def. Health Agency*,

Civ. A. No. 21-0566 (BAH), 2021 WL 1614817, at *1 (D.D.C. Apr. 25, 2021) ("While agencies have 20 working days to 'make a determination with adequate specificity, such that any withholding can be appealed administratively,' . . . the consequence of agency delay in rendering such a determination bears only on the requester's ability to get into court." (quoting *CREW v. FEC*, 711 F.3d at 189)); *see also Am. Ctr. for Law & Just. v. Dep't of State*, 249 F. Supp. 3d 275, 283 (D.D.C. 2017) ("the sole penalty for mere procrastination is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court") (internal quotations omitted); *Long v. Dep't of Homeland Sec.*, 436 F. Supp. 2d 38, 43 (D.D.C. 2006) (department's failure to comply with the FOIA statutory deadlines "does not establish plaintiffs' right to expedited processing").  The remedy for missing the deadline is not to compel an agency to immediately process records, as Plaintiff suggests.

As to Plaintiff's suggestion that failure to reasonably describe records is not grounds for "ignoring FOIA's clear statutory 20 business day requirement," Pl.'s Opp. at 9, Plaintiff again misses the mark.  In this vein, Defendant does not dispute that Plaintiff made a request that it believed complied with FOIA on April 29, 2022. *See id.*  Nonetheless, FOIA requires that a request be made "in accordance with" an agency's FOIA regulations.  5 U.S.C. § 552(a)(3)(A).  Pertinent here, DHS rules incorporate the Act's "reasonably describes" requirement, and states that "[r]equesters must describe the records sought in sufficient detail to enable DHS to locate them with a reasonable amount of effort."  6 C.F.R. § 5.3(b).  Thus, as noted in Defendant's motion, if the request violates FOIA's "reasonably describes" requirement, it also violates DHS's regulations.  *See Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 60 n.1 (D.D.C. 2013).  Therefore, an Agency is only required to release records not otherwise exempt from disclosure when the agency receives a request that "reasonably describes such records."  5 U.S.C.

§ 552(a)(3)(A). "And a request 'reasonably describes' agency records when it 'would be sufficient [to enable] a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort.'" *Am. Ctr. for Law & Just. v. DHS*, 573 F. Supp. 3d 78 (D.D.C. 2021) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 545 n.36 (D.C. Cir. 1990)).

Plaintiff's argument—that if DHS concluded that Plaintiff's request failed to reasonably describe the sought records, its remedy was to request additional information—is unfounded. Indeed, in support, Plaintiff cites 5 U.S.C. § 552(a)(6)(ii)(I), which Plaintiff refers to as the "Request Information Clause." Pl.'s Opp. at 9. That provision, however, does not impose an obligation upon the agency to make a request for additional information. Instead, the statutory provision states that "the agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requestor under this section." § 552(a)(6)(A)(ii)(I). Congressional use of the word "may" in this context is permissive, meaning that if an agency should choose to request additional information, then the 20-day period required before plaintiff may proceed to federal district court is tolled pending receipt of the agency's requested information. There is nothing in the FOIA statute, however, to require that an agency request additional information, as Plaintiff suggests. *See Opati v. Republic of Sudan*, 140 S Ct. 1601, 1609 (2020) ("As we have repeatedly observed when discussing remedial provisions using similar language, 'the word "may" clearly connotes discretion.'") (quoting *Halo Elec. v. Pulse Elec.*, 136 S. Ct. 1923, 1931 (2016)).

Just as Plaintiff argues that the Agency "has no power to tailor legislation to bureaucratic policy goals," Plaintiff may not reasonably suggest that the statute requires an agency to perform a certain task when the statute utilizes permissive language. There is no obligation for DHS to

seek additional information from Plaintiff to further narrow its FOIA request.  The passage of 20 days merely allows a plaintiff's action to proceed in federal district court should a defendant argue administrative exhaustion as an affirmative defense.  On these bases, the Court should grant Defendant's motion.

## II.     Plaintiff's Request Is Vague and Overbroad.

Plaintiff makes one FOIA request containing nine subparts, all of which seek information "regarding" the "Disinformation Governance Board," which Plaintiff contends was "revealed by Secretary Mayorkas at an April 27, 2022 congressional hearing."  Mot. at 1-2.  In its memorandum in opposition, Plaintiff argues that the FOIA request, with its nine subparts is "limited in four ways," Pl.'s Opp. at 12, including by time ("because no record prior to January 1 of this year is sought, " *id.*); by subject matter ("because each record concerns the Disinformation Governance Board," *id.*); by custodian of the requested records; and by rank of the custodian of the requested records.  *Id*.  Plaintiff's argument is misplaced.  Plaintiff's suggested qualifiers, in effect, offer no further limitations.

As previously noted, each of the nine subparts seeks information "regarding" the Disinformation Governance Board.  At base, without information that qualifies the request, each of these subparts without more, is impermissibly vague and broad, because the request ultimately seeks any and all communications remotely related to the Disinformation Governance Board.  *See Am. Ctr. for Law & Just.*, 573 F. Supp. 3d at 85; *Gun Owners of Am.*, 2022 WL 856388, at *9 ("it will be the unusual (and unusually specific) request of that type that satisfies FOIA's reasonableness requirement.").  Further, Plaintiff's suggestion that the request is bounded by time because no information is sought prior to January 1 of this year, is a red herring.  Plaintiff's request is completely unbounded by time—indeed, Plaintiff makes no mention of the applicable period for DHS to apply in its FOIA request.  *See* ECF No. 1, Ex. 1 (Plaintiff's FOIA request).  In essence,

Plaintiff makes no attempt to limit the "records" it seeks,[1] which essentially amounts to DHS performing a search of every note, e-mail, letter, electronic file that "relates" to the Disinformation Governance Board, unbounded by time. On these bases alone, it is apparent, that Plaintiff's FOIA request presupposes that the agency is "to divine a requester's intent," which is not the FOIA standard. *Poitras v. Dep't of Homeland Sec.*, 303 F. Supp. 3d 136, 160 (D.D.C. 2018) (quoting *Am. Chemistry Council, Inc. v. Dep't of Health & Human Servs.*, 922 F. Supp. 2d 56, 62 (D.D.C. 2013)).

As to Plaintiff's argument that its request is bounded by custodian and rank, the first four subparts seek records either within the custody of or exchanged between any "DHS official" "all of an appointee or GS-14 level or higher." While Plaintiff articulates that it seeks records of GS-14 level employees or higher, nothing in the first four subparts delineates which DHS officials from whom Plaintiff seeks information. While the remaining five subparts similarly use the vague term "regarding" the Disinformation Governance Board, Plaintiff for the first time, introduces qualifiers of types of employees, including information either in the custody of Secretary Mayorkas or exchanged between Secretary Mayorkas and certain categories of employees such as his immediate subordinates. That one qualifier, however, without more, such as a specific rank of Secretary Mayorkas's subordinates, *e.g.*, Assistant Secretary, Deputy Assistant Secretary, leaves little guidance for the Agency to apply, and amounts to DHS conducting a search of every record within the Department that Secretary Mayorkas or his subordinates, above a GS-14 level handled, unbounded by time "regarding" the Disinformation Governance Board. Plaintiff's request fails to

---

[1] As noted in Defendant's motion, Plaintiff fails to articulate what types of records it seeks, and instead relies on its definition that "records" are "any information" that qualifies under 5 U.S.C. § 552(f) that includes but is not limited to "all information created, stored, received, or delivered" that is located on either government or private sectors. This essentially amounts to a request that DHS hunt for all information related to the establishment of the Board.

meet FOIA requirements that a request "reasonably describes" the information sought; thus, the Court should dismiss Plaintiff's claims in their entirety.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court dismiss Plaintiff's complaint.

Dated: August 24, 2022
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: *s/ Dedra S. Curteman*
DEDRA S. CURTEMAN
IL Bar #6279766
Assistant United States Attorney
601 D Street N.W.
Washington, DC 20530
(202) 252-2550
dedra.curteman@usdoj.gov